IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHERON R. ALLEN | ) | |
| | ) | |
| Plaintiff, | ) | No: 18-CV-00926 |
| v. | ) | |
| | ) | |
| CHICAGO STATE UNIVERSITY BOARD | ) | |
| OF TRUSTEES, CECIL B. LUCY, | ) | |
| RACHEL LINDSEY, and ANDRE RUSSELL. | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES, Plaintiff, SHERON ALLEN, by and through her attorneys, Stephen Berrios and the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Sharon Allen is an employee of Chicago State University and resides in the Northern District of Illinois. She is currently a building service worker and has worked for Chicago

1

State University for over nineteen years. In those nineteen years, she has received multiple awards for her exemplary performance at Chicago State University.

5. Chicago State University Board of Trustees has oversight of Chicago State University, a public university organized and existing under the laws of the State of Illinois. Article 5 of the "Chicago State University Law," included in the Illinois Higher Education Act, provides that "the Board shall have power to enter into contracts and to sue and to be sued." 110 ILCS 660/5-40.

6. Cecil B. Lucy was the President of Chicago State University in February of 2017, the time of the incident, until April of 2017. He was CSU's chief executive officer, responsible for CSU's administration and policymaking, including the policies and procedures challenged herein. Defendant Lucy is sued in his official and personal capacities.

7. Rachel Lindsey is the current President of Chicago State University and was installed in April of 2017. Since then she is CSU's chief executive officer, responsible for CSU's administration and policymaking, including the policies and procedures challenged herein. Defendant Lindsey is sued in her official and personal capacities.

8. Andre Russell is an employee of Chicago State University as a building service worker. He is a coworker of Plaintiff, and continues to be employed by Chicago State University despite being criminally charged for battery against the Plaintiff, and later found guilty of that charge.

## BACKGROUND

9. On February 6, 2017, Ms. Allen worked at Chicago State University from 11 AM to 7 PM, which was her normal shift.

10. At the conclusion of her shift, Ms. Allen went to clock out and record her time in the O&M building as is required for Chicago State University employees.

11. In the timekeeping room was the shift supervisor Charles Frazier, Defendant Andre Russell, and another building service worker.

12. While waiting to clock out Ms. Allen asked Defendant Russell about his day and how his shift went. At the time Defendant Russell was on his phone and ignored Ms. Allen.

13. After concluding his call Defendant Russell began to act aggressively towards Ms. Allen calling her a "bitch" and to "act like a lady."

14. Ms. Allen responded to Defendant Russell telling him that he should not speak to her like that.

15. Defendant Russell then began to get very close to Ms. Allen intimidating her with his large body and stature, standing at six foot two inches and over two-hundred and fifty pounds, backing her down against a wall in the office.

16. Defendant Russell next placed his hands on Ms. Allen. Defendant Russell began poking Ms. Allen in the forehead repeatedly with his finger and continued verbally assaulting her.

17. After that Defendant Russell grabbed Ms. Allen by the collar of her shirt and began yanking her collar back and forth, cutting off her air supply and choking Ms. Allen, and also caused her pain in both of her shoulders.

18. Ms. Allen began to lose consciousness and urinated on herself during this attack by Defendant Russell.

19. Defendant Russell eventually released Ms. Allen from his attack and quickly fled the scene.

20. Once Ms. Allen regained consciousness, she went to the Chicago State Police Department to file a report about the attack.

21. On February 7, 2017, Ms. Allen returned to work but was unable to perform her duties. A fellow coworker took her to Advocate Health Center for treatment. Ms. Allen was given some prescriptions for medication and told to seek counseling for her trauma.

22. Since the attack Ms. Allen has attended bi-weekly counseling to deal with the stress and emotional distress of the attack. She has also continued to have pain and issues with her shoulders since the attack.

23. Defendant Russell was criminally charged in the Circuit Court of Cook County with battery against Ms. Allen, and subsequently found guilty on June 1, 2017, case number 17 119455901.

24. To this day Defendant Russell is still employed by Chicago State University and Ms. Allen continues to work in fear that another attack might occur.

## COUNT I

### Title VII Hostile Work Environment- Against All Defendants

25. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

26. Plaintiff was subject to harassing conduct from Defendant Russell. Defendant Russell directed derogatory words and phrases at her. Additionally Defendant Russell struck and choked Plaintiff.

27. The conduct of Defendant Russell occurred because Plaintiff was a woman. Defendant Russell told Plaintiff to "act like a lady" and called her a "bitch" before attacking her.

28. The conduct of Defendant Russell was obviously unwelcomed by Plaintiff.

4

29. Any reasonable person would find Plaintiff's working environment to be hostile and abusive.

30. Chicago State University did not terminate Defendant Russell after the events of February 6, 2017, and he continues to be employed as a building service worker, despite his actions.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT II

### 42 U.S.C. §1983 - Equal Protection- Against All Defendants

31. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

32. Defendant Russell targeted Plaintiff because of her gender by calling her a "bitch" and telling her to "act like a lady" and subsequently placing hands on her.

33. The actions of Defendant Russell in exhibiting gender-based animus was not substantially related to any government interest and constitutes gender discrimination in violation of Plaintiff's right to equal protection of laws guaranteed by the Fourteenth Amendment to the U.S. Constitution and thus violated 42 U.S.C. Section 1983.

34. The actions of Defendant Russell were the direct and proximate cause of Plaintiff's injuries.

35. The actions undertaken by Defendant Russell were within the scope of his employment, and Chicago State University, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Due Process Against All Defendants

36. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

37. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

38. Defendants' conduct violated Plaintiff's right to due process.

39. Defendant Russell acted with deliberate indifference to Plaintiff's right to due process under the law.

40. The actions undertaken by Defendant Russell were within the scope of his employment, and Chicago State University, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other additional relief that this Court deems equitable and just.

## COUNT IV

### Negligent Hiring and Retention-Against All Defendants

41. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

42. Chicago State University hired Defendant Russell and continues to retain him as an employee.

43. Upon information and belief Chicago State University knew or should have known Defendant Russell was unfit for his position with the university.

44. Upon information and belief Defendant Russell had previous incidents and complaints filed against him at other employment and with Chicago State University. Nevertheless Defendant Russell maintained his position.

45. The injuries sustained by Plaintiff were caused by Chicago State's University's negligent hiring and retention of Defendant Russell.

46. After the incident on February 6, 2017, Chicago State University knew that Defendant Russell was unfit for his position.

47. After the conclusion of Defendant Russell's criminal case on June 1, 2017, Chicago State University knew Defendant Russell was unfit for his position.

48. Defendant Russell's continued employment with Chicago State University continues to cause Plaintiff stress and trauma in her workplace for fear that another incident might occur.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT V

**State Claim- Battery- Against Defendant Russell and Chicago State University Board of Trustees**

49. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

50. Defendant Russell intentionally, harmfully and offensively touched Plaintiff multiple times on February 6, 2017.

51. Plaintiff did not consent to any touching by Defendant Russell.

52. Defendant Russell's conduct that resulted in this battery was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

53. The acts undertaken by Defendant Russell were within the scope of his employment, and Chicago State University, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants Chicago State University Board of Trustees and Russell for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT VI
**State Claim- Assault- Against Defendant Russell and Chicago State University Board of Trustees**

54. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

55. Plaintiff believed that she was in imminent danger of being battered by Defendant Russell.

56. Defendant Russell's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

57. The acts undertaken by Defendant Russell were within the scope of his employment, and Chicago State University, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants Chicago State University Board of Trustees and Russell for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT VII
**State Claim- Intentional Infliction of Emotional Distress- Against Defendant Russell and Chicago State University Board of Trustees**

58. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

59. The acts and conduct of Defendant Russell, as set forth above, was extreme and outrageous.

60. In particular, the conduct of Defendant Russell in inflicting unjustified bodily harm upon Plaintiff caused Plaintiff to suffer physical pain and severe emotional distress.

61. Defendant Russell intended to cause, or was in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

62. The conduct of Defendant Russell was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

63. The acts undertaken by Defendant Russell were within the scope of his employment, and Chicago State University, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants Chicago State University Board of Trustees and Russell for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT VIII

### State Claim – Illinois Hate Crime Act – 720 ILCS 5/12-7.1 Against Defendant Russell and Chicago State University Board of Trustees

64. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

65. The misconduct of Defendant Russell and the Chicago State University Board of Trustees set forth above was undertaken because of Plaintiff's gender.

66. Plaintiff suffered injuries as a result of the Defendants' conduct.

67. The acts undertaken by Defendant Russell were within the scope of his employment, and Chicago State University, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants Chicago State University Board of Trustees and Russell for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

Sheron Allen

By One of Her Attorneys:

s/ Stephen Berrios
Stephen Berrios
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590